## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ENZO BIOCHEM, INC. and YALE UNIVERSITY, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| APPLERA CORP. and TROPIX INC., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

1.     Plaintiffs ENZO BIOCHEM, INC. ("Enzo") and YALE UNIVERSITY ("Yale"), collectively "Plaintiffs," hereby demand a jury trial and complain of Defendants APPLERA CORP. ("Applera") and TROPIX INC. ("Tropix"), collectively "Defendants," as follows:

## NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of:

> U.S. Patent No. 5,476,928 (the "Ward '928 Patent") entitled "Modified Nucleotides and Polynucleotides and Complexes Formed Therefrom" (copy attached as Exhibit 1);

> U.S. Patent No. 5,449,767 (the "Ward '767 Patent") entitled "Modified Nucleotides and Methods of Preparing Same" (copy attached as Exhibit 2);

U.S. Patent No. 5,328,824 (the "Ward '824 Patent") entitled "Methods of Using Labeled Nucleotides" (copy attached as Exhibit 3);

U.S. Patent No. 4,711,955 (the "Ward '955 Patent") entitled "Modified Nucleotides and Methods of Preparing and Using Same" (copy attached as Exhibit 4)(collectively, the "Ward Patents");

U.S. Patent No. 5,082,830 (the "Brakel Patent") entitled "End Labeled Nucleotide Probe" (copy attached as Exhibit 5); and

U.S. Patent No. 4,994,373 (the "Stavrianopoulos Patent") entitled "Methods and Structures Employing Compoundly-Labelled Polynucleotide Probes" (copy attached as Exhibit 6).

3.     Plaintiffs seek injunctive relief to prevent Applera from continuing to infringe the Ward Patents.  Plaintiffs also seek monetary damages resulting from Applera's past infringement of the Ward Patents.

4.     Enzo seeks injunctive relief to prevent Applera from continuing to infringe the Brakel Patent.  Enzo also seeks monetary damages resulting from Applera's past infringement of the Brakel Patent.

5.     Enzo seeks injunctive relief to prevent Defendants from continuing to infringe the Stavrianopoulos Patent.  Enzo also seeks monetary damages resulting from Defendants' past infringement of the Stavrianopoulos Patent.

## THE PARTIES

6.     Yale is a private college and corporation and is organized and exists under and by virtue of a charter granted by the General Assembly of the Colony and State of Connecticut, and maintains its principal place of business in New Haven, Connecticut 06520.

7.     Yale is the lawful assignee of all right, title and interest in and to the Ward Patents.

8.     Enzo is a New York corporation having offices at 527 Madison Avenue, New York, New York 10022 and at 60 Executive Blvd., Farmingdale, New York.

9.     Enzo's business focuses on reagents and kits for detecting and characterizing genes, modifying gene expression and regulating immune function, with application to the therapeutic, diagnostic and research markets. Enzo has spent years of labor and substantial amounts of money developing products and services based on the patents in suit. Enzo sells these products through its catalog and through authorized distributors.

10.     Enzo is the exclusive licensee of the Ward Patents and has been the exclusive licensee since the Ward Patents issued. Pursuant to Enzo's license, Enzo has the right to bring suit for infringement of the Ward Patents.

11.     Enzo is the lawful assignee of all right, title and interest in and to the Brakel Patent.

12.     Enzo is the lawful assignee of all right, title and interest in and to the Stavrianopoulos Patent.

13.     Applera is a Delaware corporation having its principal place of business at 301 Merritt 7, Norwalk, Connecticut.

14.     On information and belief, Tropix is organized and exists under the laws of Massachusetts and maintains its principal place of business at 47 Wiggins Ave., Bedford, Massachusetts.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.    Applera is subject to personal jurisdiction in Connecticut because it resides and regularly transacts business in this judicial district by selling and offering to sell kits, devices, reagents and instruments to persons located in this judicial district. In addition, Applera has committed acts, in this judicial district, of direct and/or indirect infringement of one or more claims of the patents in suit.

17.    Tropix is subject to personal jurisdiction in Connecticut because it regularly transacts business in this judicial district by selling and offering to sell kits, devices, reagents and instruments to persons located in this judicial district. In addition, Tropix has committed acts, in this judicial district, of direct and/or indirect infringement of one or more claims of the patents in suit.

18.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## OVERVIEW OF THE PATENTS IN SUIT

### Ward Patents

19.    Yale is the assignee of all right, title and interest in and to the Ward Patents. Enzo is the exclusive licensee of the Ward Patents. Both Yale and Enzo have the legal right to enforce the Ward Patents.

20.     The Ward Patents issued in the names of inventors David C. Ward, Pennina R. Langer, and Alexander Waldrop III.  The Ward Patents are members of the same patent family and derive from a common parent application filed April 17, 1981.

21.     The Ward '928 Patent was duly issued on December 19, 1995.

22.     The Ward '928 Patent is directed to a nucleotide, oligonucleotide or polynucleotide that includes a detectable label at a particular position on a nucleotide base.  Such labeled nucleotides enable instruments to automatically determine the sequential order of the nucleotide bases in a strand of deoxyribonucleic acid (DNA) or ribonucleic acid (RNA).  Such labeled nucleotides are also employed in detection kits, devices, reagents and instruments that are used to probe for (or detect) the presence or quantity of a particular strand of DNA.  (Herein, the terms "DNA," "polynucleotide," "oligonucleotide," and "nucleic acid" encompass both DNA and RNA, and the term "polynucleotide" encompasses an oligonucleotide.)

23.     The Ward '767 Patent, was duly issued on September 12, 1995.

24.     The Ward '767 Patent is directed to the compounds used by DNA sequencing instruments to read the genetic code.  More specifically, this patent is directed to a polynucleotide that includes a nucleotide with a detectable label at a particular position on the base of the nucleotide.  Polynucleotides that include such labeled nucleotides enable instruments to automatically determine the sequential order of the nucleotide bases in a strand of DNA.  Such polynucleotides are also employed in detection kits and instruments that are used to probe for (or detect) the presence or quantity of a particular strand of DNA.

25. The Ward '767 Patent is also directed to a method of making such polynucleotides.

26. The Ward '824 Patent was duly issued on July 12, 1994.

27. The Ward '824 Patent is directed to a method of detecting a strand of DNA using a polynucleotide having a nucleotide with a detectable label at a particular position on the base of the nucleotide. This method is performed in automated DNA sequencing and DNA detection.

28. The Ward '955 Patent was duly issued on December 8, 1987.

29. The Ward '955 Patent is directed to a nucleotide or polynucleotide with a detectable biotin label or iminobiotin label at a particular position on a nucleotide base. Such nucleotides and polynucleotides are used as probes or in probes to detect the presence or quantity of a particular gene or nucleic acid of interest.

30. The Ward '955 Patent is also directed to a method of making a nucleotide or polynucleotide with a detectable biotin label or iminobiotin label at a particular position on a nucleotide base.

31. The technologies described and claimed in the Ward Patents are breakthrough, pioneering inventions and have proven value in applications ranging from determining the patterns of gene expression in mammals, decoding and analyzing the human genome and diagnosing human diseases such as pathogens and cancers.

**Brakel Patent**

32. The Brakel Patent was duly issued on January 21, 1992, in the names of inventors Christine L. Brakel, Alan F. Cook and Edmund Vuocolo.

33. Enzo is the assignee of all right, title and interest in and to the Brakel Patent and has the legal right to enforce it.

34. The Brakel Patent is directed to a strand of DNA that has a non-radioactive label at both ends. A strand of DNA with one or more labels attached to it is typically referred to as a "probe" because it may be used to probe for (or detect) the presence of quantity of a particular gene or nucleic acid of interest.

35. The Brakel Patent is also directed to a method of detecting a nucleic acid of interest with a DNA strand labeled non-radioactively at both ends.

### Stavrianopoulos Patent

36. The Stavrianopoulos Patent was duly issued on February 19, 1991, in the names of inventors Jannis G. Stavrianopoulos, Dollie Kirtikar, Kenneth H. Johnston and Barbara E. Thalenfeld.

37. Enzo is the assignee of all right, title and interest in and to the Stavrianopoulos Patent and has the legal right to enforce it.

38. The Stavrianopoulos Patent is directed to a method, device and kit for detecting a nucleic acid fixed to a solid support.

### COUNT 1

### (Against Defendant Applera)

### (Infringement of United States Patent No. 5,476,928)

39. Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40. On information and belief, Applera makes, uses, sells, and offers to sell within the United States and/or imports for sale or use within the United States products

that directly infringe one or more claims of the Ward '928 Patent, including labeled nucleotides employed in DNA sequencing and DNA detection.

41. On information and belief, Applera also advises its customers to use its kits, devices, reagents and/or instruments which employ the labeled nucleotides for DNA sequencing and/or DNA detection in a manner which directly infringes one or more claims of the Ward '928 Patent.

42. Through the aforesaid acts, Applera has infringed, directly and/or indirectly, and continues to infringe, directly and/or indirectly, one or more claims of the Ward '928 Patent.

43. Applera's infringement has caused and continues to cause Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Moreover, Applera's unauthorized, infringing use of Plaintiffs' patented inventions has threatened Plaintiffs' relationships with potential distributors of products covered by this intellectual property. Applera will derive a competitive advantage over any of Plaintiffs' future distributors from using Plaintiffs' patented technology without paying compensation for such use. Accordingly, unless and until Applera's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 2

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 5,476,928)

44.     Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45.     Applera has had notice of its infringement of the Ward '928 Patent.

46.     Notwithstanding Applera's notice of its infringement of the Ward '928 Patent, it has continued its infringement. Therefore, Applera's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the Ward '928 Patent.

47.     Plaintiffs are entitled to additional, increased damages for Applera's willful infringement.

## COUNT 3

### (Against Defendant Applera)

### (Infringement of United States Patent No. 5,449,767)

48.     Paragraphs 1 through 47 are incorporated by reference as if fully restated herein.

49.     On information and belief, Applera makes, uses, sells and offers to sell within the United States and/or imports for sale or use within the United States, products that directly infringe one or more claims of the Ward '767 Patent including DNA fragments that include labeled nucleotides.

50.     On information and belief, Applera also makes, uses, sells and offers to sell within the United States and advises its customers to use its kits, devices, reagents

and/or instruments that generate and/or detect DNA fragments that include labeled nucleotides and that infringe one or more claims of the Ward '767 Patent.

51.     On information and belief, Applera makes, uses, sells and/or offers to sell within the United States labeled nucleotides for attachment or incorporation onto or into a DNA fragment, which DNA fragment infringes one or more claims of the Ward '767 Patent. The labeled nucleotide is a material component of the DNA fragment claimed in the Ward '767 Patent. The labeled nucleotide is also used in the method of making the DNA fragment claimed in the Ward '767 Patent. Applera therefore contributes to the infringement resulting when its customers use the labeled nucleotides to generate DNA fragments that directly infringe one or more claims of the Ward '767 Patent. Applera performs the aforesaid acts with full knowledge of the Ward '767 Patent and that the labeled nucleotides are especially adapted to the inventions claimed therein.

52.     Through the aforesaid acts, Applera has infringed, directly and/or indirectly, and continues to infringe, directly and/or indirectly, one or more claims of the '767 Patent. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

53.     Applera's infringement has caused and continues to cause Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Moreover, Applera's unauthorized, infringing use of Plaintiffs' patented inventions has threatened Plaintiffs' relationships with potential distributors of products covered by this intellectual property. Applera will derive competitive advantage over any of Plaintiffs' future distributors from using Plaintiffs' patented technology without paying

compensation for such use. Accordingly, unless and until Applera's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 4

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 5,449,767)

54. Paragraphs 1 through 53 are incorporated by reference as if fully restated herein.

55. Applera has had notice of its infringement of the Ward '767 Patent.

56. Notwithstanding Applera's notice of its infringement of the Ward '767 Patent, it has continued its infringement. Therefore, Applera's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the Ward '767 Patent.

57. Plaintiffs are entitled to additional, increased damages for Applera's willful infringement.

## COUNT 5

### (Against Defendant Applera)

### (Infringement of United States Patent No. 5,328,824)

58. Paragraphs 1 through 57 are incorporated by reference as if fully restated herein.

59. On information and belief, Applera makes, uses, sells and/or offers to sell within the United States products that directly infringe one or more claims of the Ward '824 Patent, including, for example, products which include labeled dideoxy nucleotides and which are used to perform DNA sequencing.

60. On information and belief, Applera also makes, uses, sells and offers to sell within the United States and advises its customers to use its products which include labeled dideoxy nucleotides to perform DNA sequencing in a manner that directly infringes one or more claims of the Ward '824 Patent.

61. On information and belief, Applera makes, uses, sells and/or offers to sell within the United States labeled dideoxy nucleotides for use in methods of DNA sequencing and/or DNA detection which directly infringe one or more claims of the Ward '824 Patent. The labeled dideoxy nucleotide is a material component for use in the DNA sequencing and DNA detection methods claimed in the Ward '824 Patent. Applera therefore contributes to the infringement resulting when its customers use the labeled dideoxy nucleotides to perform the DNA sequencing and DNA detection methods that directly infringe one ore more claims of the Ward '824 Patent. Applera performs the aforesaid acts with full knowledge of the Ward '824 Patent and that the labeled dideoxy nucleotides are especially adapted to the inventions claimed therein.

62. Through the aforesaid acts, Applera has infringed, directly and/or indirectly, and continues to infringe, directly and/or indirectly, one or more claims of the '824 Patent. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

63. Applera's infringement has caused and continues to cause Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Moreover, Applera's unauthorized, infringing use of Plaintiffs' patented inventions has threatened Plaintiffs' relationships with potential distributors of products covered by this

-12-

intellectual property. Applera will derive competitive advantage over any of Plaintiffs' future distributors from using Plaintiffs' patented technology without paying compensation for such use. Accordingly, unless and until Applera's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 6

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 5,328,824)

64.    Paragraphs 1 through 63 are incorporated by reference as if fully restated herein.

65.    Applera has had notice of its infringement of the Ward '824 Patent.

66.    Notwithstanding Applera's notice of its infringement of the Ward '824 Patent, it has continued its infringement. Therefore, Applera's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the Ward '824 Patent.

67.    Plaintiffs are entitled to additional, increased damages for Applera's willful infringement.

## COUNT 7

### (Against Defendant Applera)

### (Infringement of United States Patent No. 4,711,955)

68.    Paragraphs 1 through 67 are incorporated by reference as if fully restated herein.

69. On information and belief, Applera makes, uses, sells and offers to sell, within the United States, kits, devices, reagents and/or instruments that employ biotin labeled nucleotides. Applera advises the purchasers and users of such kits, devices, reagents and/or instruments to make and use the biotin labeled nucleotides in a manner that directly infringes one or more claims of the Ward '955 Patent. Applera performs the aforesaid acts with full knowledge of the claims of the Ward '955 Patent.

70. Through the aforesaid acts, Applera has infringed, directly and/or indirectly, and continues to infringe, directly and/or indirectly, one or more claims of the '955 Patent. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

71. Applera's infringement has caused and continues to cause Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Moreover, Applera's unauthorized, infringing use of Plaintiffs' patented inventions has threatened Plaintiffs' relationships with potential distributors of products covered by this intellectual property. Applera will derive a competitive advantage over any of Plaintiffs' future distributors from using Plaintiffs' patented technology without paying compensation for such use. Accordingly, unless and until Applera's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 8

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 45,711,955)

72.     Paragraphs 1 through 71 are incorporated by reference as if fully restated herein.

73.     Applera has had notice of its infringement of the Ward '955 Patent.

74.     Notwithstanding Applera's notice of its infringement of the Ward '955 Patent, it has continued its infringement. Therefore, Applera's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the Ward '955 Patent.

75.     Plaintiffs are entitled to additional, increased damages for Applera's willful infringement.

## COUNT 9

### (Against Defendant Applera)

### (Infringement of United States Patent No. 5,082,830)

76.     Paragraphs 1 through 75 are incorporated by reference as if fully restated herein.

77.     Applera makes, uses, sells and offers to sell within the United States, and/or imports for sale or use within the United States, DNA strands that are non-radioactively labeled at both ends and which infringe one or more claims of the Brakel Patent.

78.     On information and belief, Applera makes, uses, sells and offers to sell within the United States DNA detection kits and/or amplification kits, devices, reagents

and/or instruments that use DNA strands non-radioactively labeled at both ends. Applera also advises its customers to use such DNA detection kits and/or amplification kits, devices, reagents and/or instruments that use DNA strands non-radioactively labeled at both ends. The use by its customers of such products directly infringes one or more claims of the Brakel Patent. The DNA strand that is non-radioactively labeled at both ends is a material component for use in the claimed inventions of the Brakel Patent. Applera therefore contributes to its customers' direct infringement of one or more claims of the Brakel Patent. Applera performs the aforesaid acts with full knowledge of the Brakel Patent and that the DNA strands that are non-radioactively labeled at both ends are especially adapted to the inventions claimed therein.

79.    Through the aforesaid acts, Applera has infringed, directly and/or indirectly, and continues to infringe, directly and/or indirectly, one or more claims of the Brakel Patent. Enzo is entitled to recover damages adequate to compensate for the infringement.

80.    Applera's infringement has caused and continues to cause Enzo to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Moreover, Applera's unauthorized, infringing use of Plaintiffs' patented inventions has threatened Plaintiffs' relationships with potential distributors of products covered by this intellectual property. Applera will derive a competitive advantage over any of Plaintiffs' future distributors from using Plaintiffs' patented technology without paying compensation for such use. Accordingly, unless and until Applera's continued acts of infringement are

enjoined, Enzo will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 10

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 5,082,830)

81.     Paragraphs 1 through 80 are incorporated by reference as if fully restated herein.

82.     Applera has had notice of its infringement of the Brakel patent.

83.     Notwithstanding Applera's notice of its infringement of the Brakel Patent, it has continued its infringement.  Therefore, Applera's infringement has been willful, deliberate and with knowledge of Enzo's rights under the Brakel Patent.

84.     Enzo is entitled to additional, increased damages for Applera's willful infringement.

## COUNT 11

### (Against Defendants Applera and Tropix)

### (Infringement of United States Patent No. 4,994,373)

85.     Paragraphs 1 through 84 are incorporated by reference as if fully restated herein.

86.     On information and belief, Defendants make, use, sell and offer to sell within the United States, and/or import for sale or use within the United States, products which directly infringe one or more claims of the Stavrianopoulos Patent or products used

to perform methods which directly infringe one or more of said claims including devices and kits for detecting a nucleic acid fixed to a solid support.

87.     On information and belief, Defendants make, use, sell and offer to sell within the United States and advise their customers to use their products for detecting a nucleic acid fixed to a solid support in a manner that directly infringes one or more claims of the Stavrianopoulos Patent.

88.     Through the aforesaid acts, Defendants have infringed , directly and/or indirectly, and continue to infringe, directly and/or indirectly, one or more claims of the Stavrianopoulos Patent.  Enzo is entitled to recover damages adequate to compensate for the Defendants' infringement.

89.     Defendants' infringement has caused and continues to cause Enzo to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  Moreover, Defendants' unauthorized, infringing use of Enzo's patented inventions has threatened Enzo's relationships with potential distributors of products covered by this intellectual property.  Defendants will derive a competitive advantage over any of Enzo's future distributors from using Enzo's patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Enzo will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT 12

### (Against Defendant Applera)

### (Willful Infringement of United States Patent No. 4,994,373)

90.     Paragraphs 1 through 89 are incorporated by reference as if fully restated herein.

91.     Applera has had notice of its infringement of the Stavrianopoulos Patent.

92.     Notwithstanding Applera's notice of its infringement of the Stavrianopoulos Patent, it has continued its infringement. Therefore, Applera's infringement has been willful, deliberate and with knowledge of Enzo's rights under the Stavrianopoulos Patent.

93.     Enzo is entitled to additional, increased damages for Applera's willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, granting Plaintiffs the following relief:

A.     That this Court decree that the Ward Patents and the Brakel Patent are valid and enforceable against Applera;

B.     That this Court decree that Applera has willfully infringed the Ward Patents and the Brakel Patent;

C.     That this Court decree that the Stavrianopoulos Patent is valid and enforceable against Defendants;

D. That this Court decree that Defendants have infringed the Stavrianopoulos Patent;

E. That this Court decree that Applera's infringement of the Stavrianopoulos patent was willful;

F. That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing or using systems, instruments, kits, devices, reagents, hardware, software and/or components that infringe any of the claims of the Ward Patents, the Brakel Patent and the Stavrianopoulos Patent, or otherwise engaging in acts of infringement thereof;

G. That this Court order an accounting to determine the damages to be awarded to Plaintiffs as a result of Defendants' infringement;

H. That this Court award Plaintiffs such damages as they shall prove at trial that are adequate to compensate Plaintiffs for Defendants' infringement, said damages to be no less than a reasonable royalty together with interest and costs;

I. That this Court increase damages awarded to Plaintiffs of up to three times the amount of compensatory damages because of Applera's willful infringement;

J. That this Court render a finding that this case is "exceptional" and award Plaintiffs their costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285; and

K. That this Court grant Plaintiffs such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all matters to which they are entitled to trial by jury pursuant to FED. R. CIV. P. 38.

_____/s/_____
Edward R. Scofield (CT00455)
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06606-1740
(203) 333-9441

Attorneys for Plaintiffs

Of Counsel for Plaintiffs:

Scott L. Robertson
Jennifer A. Albert
**HUNTON & WILLIAMS**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Gregory N. Stillman
**HUNTON & WILLIAMS**
SunTrust Bank Building
500 East Main Street, Suite 1000
P.O. Box 3889
Norfolk, Virginia 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720

Dated: June 4, 2004